JENKINS, J.
This suit was brought by the appellee against appellant to recover damages for the loss of his horse and injury to his buggy, harness, whip, and lap robe.
The evidence shows that appellee was in the livery business in Austin, Tex., and that appellant was a constable in said city; that the justice of the peace received information that a party had been drowned some distance up the river from Austin, and requested appellant to get a buggy and carry him up to the place where the drowning had occurred; that appellant hired the buggy from appellee, and while driving out to said place with the justice they came to a place in the road where Dr. Oatman, in company with another party, returning from the place where the drowning occurred, had run against a large rock or boulder in the center of the road and had broken his buggy wheel. The evidence shows that the road was rough at this point, and that there was a steep bluff to the west along the river bank; that in traveling this road those going toward town went upon the west side of the rock, and those going out went upon the east side; especially was this the case if parties met at this point. The testimony shows that appellant drove to the east side of this rock, and that a short distance beyond the same the horse ran away, threw the buggy over the bluff, damaging the same, and that the horse went over the bluff, sustaining injuries from which he died.
The appellee alleged, as his cause of action, that it was negligence in the appellant to attempt to drive on the east side of said rock, on account of the sloping nature of the road at the point of the juncture of the road beyond the rock, or, as he puts it, at the point of re-entering the road beyond the rock.
The court instructed the jury: “If you further find that defendant attempted to drive the said horse and buggy hired from the plaintiff, as aforesaid, around the said horse and buggy standing in the road to the right thereof (east) and to re-enter the road a short distance beyond, and that the place-where defendant drove to the right of said buggy, if he did, was sloping; and if you further find that a person of ordinary care and prudence would not have attempted to drive the said horse and buggy around the buggy and re-enter the road as the defendant did, if you find he did so; and if you further find that such act, if any, was negligence, and that as a direct and proximate result of such negligence, if any, the plaintiff sustained damages in some of the respects substantially as represented in his petition, then you will find for the plaintiff.”
Verdict and judgment were for appellee for the sum of $175.
The appellant requested the following charge, which was refused: “If you believe from the evidence that at the time plaintiff hired the said horse to defendant that plaintiff knew that said horse had previously run away, was shyful and vicious and would jump when driven, and not gentle, and said facts were unknown,to defendant; and you further believe from the evidence that said horse did shy and jump and run away without any fault or negligence on the part of the defendant, then you will return a verdict in favor of the defendant.”
The appellant had pleaded as a defense to appellee’s cause of action that the horse was not gentle, but was shyful and vicious and would jump and run when driven, and that said facts were known to the appellee, but were unknown to appellant. The evidence is sufficient to raise the issue as to whether said horse was gentle and safe to drive, or was' a horse given to running away and was unsafe. The evidence of Dr. Oatman and of the justice of the peace and appellant was to the effect that appellant drove the horse slowly and carefully around the rock and reentered the road and had traveled some 30 or 40 feet up the road when the horse, without anything being done by the appellant, suddenly jumped and ran, throwing the buggy over the bluff, and ran up the road a short distance and turned back and fell over the bluff. Appellee’s testimony as to buggy and horse tracks found by him on the ground tended to contradict this testimony.
It will be seen from the charge given that the court makes the appellee’s right to recover depend upon the fact as to whether or not it was negligence in the appellant to drive around the rock in the manner that he did, and that if an ordinarily careful and prudent person would not have done so, and such act was the proximate cause of the injury, the plaintiff was entitled to recover. We think, in view of the evidence in this case, that appellant was entitled to have the above special charge given, although it was more restrictive as against the appellant than the law requires. It might have been negligence in appellant to have driven a horse which was known to him to be spirited and unsafe around the rock, when it would not have been negligence to have driven a gentle horse around said place. And as the testimony of appellant shows that he drove the horse in a careful manner, and that he ran away after getting back into the road, without any fault of negligence on the part of appellant, we think appellant was entitled to have this issue affirmatively presented. Again, under the evidence in this case, even though the horse was not gentle, and such fact was known to appellant, and it was negligence in him to drive around the rock in the manner that he did, yet, if the horse did not run away in consequence of being so driven, but ran away after whatever danger was. incurred by being driven around said rock had passed, and that without any fault on the part of appellant, but solely for the reason that he was an unsafe horse, the appellee would not have been entitled to recover..
*295 Appellant’s other assignments of error are overruled.
For the error of the court in refusing to give said special charge, as requested, this case is reversed and remanded.
Reversed and remanded.